[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10620
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00063-RWS

D.D., by and through his parents, Devin Dabney and Via Durham,
DEVIN DABNEY, individually,
VIA DURHAM, individually,

                                                    Plaintiffs-Appellants,

versus

AVERY NILES,
Commissioner, Georgia Department of Juvenile Justice,
in his Official Capacity,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 3, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

D.D. and his parents brought this suit under 42 U.S.C. § 1983 challenging his detention by the Georgia Department of Juvenile Justice ("DJJ"). The district court dismissed the case for failure to exhaust state remedies. On appeal, D.D. concedes that his due process rights must be challenged through a writ of habeas corpus; thus, D.D. does not challenge on appeal the dismissal of his claim for lack of exhaustion. However, D.D.'s parents argue on appeal that D.D.'s detention by the DJJ violates their constitutional parental rights.

Regardless of how the Appellants frame the claims, both claims – D.D.'s own claim (Count Two) and his parents' claim based on their parental rights (Count One) – are, in their essential nature, challenges to D.D.'s detention. Therefore, the appropriate method to challenge D.D.'s detention is to seek a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S. Ct. 1827, 1836 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Because the available remedies in Georgia courts have not been exhausted, we agree with

2

the district court's holding that the claims must be dismissed for failure to exhaust.[1]

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**

---

[1] In light of our holding that the parents' claim sounds in habeas and must be dismissed for lack of exhaustion, we need not, and do not, address the parents' argument that the district court erred in suggesting that the parents' fundamental parental rights were not implicated.